177 N.J. Super. 647 (1980)
427 A.2d 619
SUSAN J. SCHOLZ, PLAINTIFF,
v.
BRUCE W. SCHOLZ, DEFENDANT.
Superior Court of New Jersey, Chancery Division Bergen County.
Decided December 2, 1980.
*648 Steven J. Stillman, for plaintiff (Lucianna, Bierman & Stillman, attorneys).
Jay Atkins, for defendant (Draesel, Sunshine & Atkins, attorneys).
MINUSKIN, J.J.D.R.C. (temporarily assigned).
This matter was heard on a motion by plaintiff wife to amend her complaint for divorce on the ground of extreme cruelty by adding causes of action for slander, alienation of the children's affections and assault and battery.
*649 The amended complaint for slander alleges that "the defendant made ... false and slanderous statements to the children of the marriage concerning the plaintiff, her reputation and concerning her affections for her children as well as many other slanderous statements ... knowing said statements were false."
Claiming alienation of the children's affections, the amendment states that defendant "has attempted to and has alienated the affections of plaintiff's children for her, has deprived her of their company and respect and has harassed, threatened, abused and embarrassed the plaintiff by deliberately making abusive, threatening, humiliating and embarrassing statements to the children and the plaintiff."
The last-sought amendment for assault and battery alleges that "on or about September 25, 1980 ... the Defendant committed assault and battery upon the person of the Plaintiff without just cause, provocation or other justification," causing "great pain and bodily injuries" and "emotional distress and shock."
Tevis v. Tevis, 79 N.J. 422 (1979), and Merenoff v. Merenoff, 76 N.J. 535 (1978), are cited as authority to permit the amendments. Tevis is clearly applicable to the allegation of assault and battery alleged and the court will grant plaintiff's motion.
Although Tevis recognized the abrogation of the doctrine of interspousal immunity, it made mention of exceptions to which the immunity may still apply.
The only kind of marital conduct excepted from the abolition was that involving marital or nuptial privileges, consensual acts and simple, common domestic negligence, to be defined on a case-by-case approach.
The existence of common domestic negligence between spouses was accepted by leading scholars. See McCurdy, "Torts Between Persons in Domestic Relation," 43 Harv.L.Rev. 1030, 1055 (1930). McCurdy said;
Every motion would not be an assault, nor every touching a battery, although they might be such in particular cases if the parties were strangers. There would be a considerable amount of express or implied consent due to the fact of the marital relation, and even where there was lack of actual consent the relation would license much conduct. And likewise in the case of negligence, since husband and wife are engaged in a common enterprise, for common *650 benefit, often with common control, each should bear the risk which the other takes in the ordinary conduct of the domestic establishment. [at 1055; emphasis supplied]
Slander between spouses is a common occurrence. The judicial process could never accommodate redress for every such action alleged as a wrong. Defining which are to be considered excepted is difficult but the court believes that remarks made by spouses to and within the family unit constitute conduct that qualifies as "simple domestic negligence." The same remarks to others outside of the immediate family unit could result in damage which is a risk that neither should have to bear as part of the marital relationship and should be actionable. Plaintiff's motion to amend the complaint to state a cause of action for slander, as alleged, is denied.
It is not necessary for the court to consider plaintiff's claim for alienation of the children's affections in the same manner since there is no authority that such a cause of action exists. It is the general law of torts regarding parent-child relations that an action for interference will not lie in the absence of either seduction of the child or removal of the child from the home. Prosser, Law of Torts (4 ed. 1971), 883.
Plaintiff's motion to state a cause of action for alienation of the children's affections is denied.